Randall Schmitz (ISB #5600)
SKAUG LAW, P.C.
1226 E. Karcher Road
Nampa, Idaho 83687
Telephone: (208) 466-0030
Facsimile: (208) 466-8903
Randy@skauglaw.com

Attorney for Plaintiff, Jessica Adame

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA ADAME,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES I-X<br><br>                          Defendants. | Case No. _____<br><br>COMPLAINT |

COMES NOW Plaintiff, Jessica Adame, by and through her attorney of record, Randall L. Schmitz, Skaug Law, P.C. and for cause of action against the above-named Defendants, complains and alleges as follows.

**PARTIES, JURISDICTION, AND VENUE**

1. This is a case of dental negligence brought by Plaintiff Jessica Adame (hereinafter "Adame" or "Plaintiff"). At the time of the conduct alleged herein, and at all times thereafter, Adame was a resident of Caldwell, Idaho.

2. Defendant United States of America is sued under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et. seq.*, as the representative Defendant and real party in interest for Terry Reilly Health Services (a d/b/a for Community Health Clinics, Inc.), Scott Pugh, DDS, and

Jerry Gomez, DDS, both of whom were, at all times relevant hereto, employees and/or contractors for Terry Reilly Health Services and both Idaho licensed dental care providers, and, all of whom are covered by §224(h) of the Public Health Services Act (a/k/a the Federally Supported Health Centers Assistant Act of 1991), 42 U.S.C. 233(g)-(n), and all of whom are therefore covered by the Federal Tort Claims Act and the regulations promulgated thereunder by the United States Department of Health and Human Services. Under the laws of the State of Idaho, a private person would be liable in this case for the actions and omissions of Terry Reilly Health Services and the aforementioned healthcare providers; therefore, pursuant to the Federal Tort Claims Act, including without limitation, 28 U.S.C. 2674 *et seq*., and pursuant to 28 U.S.C. § 1346(b), the United States of America is liable to the Plaintiff for her damages as set forth herein.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b)(1). This action involves a claim against the United States, for money damages, for personal injury caused by the negligent and/or wrongful act or omission of employees of the government while acting within the scope of their office or employment. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1402(b) and 28 U.S.C. § 1391(e)(1) as a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

5. Plaintiff Adame is ignorant of the true names and capacities of the Defendants sued herein as Does I through X, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff Adame is informed and believes, and on that basis alleges, that the Defendants sued herein as Does I through X are in some manner legally culpable for

the injuries and damages suffered by the Plaintiff. Plaintiff Adame will amend this Complaint to allege their true names and capacities when ascertained.

6. Plaintiff Adame timely presented this claim in writing to the appropriate United States Department of Health & Human Services claims office on or about October 10, 2019. To date, the Department of Health & Human Services has failed to respond to this claim, thus this lawsuit is appropriate pursuant to 28 U.S.C. § 2675(a).

## FACTUAL ALLEGATIONS

7. Plaintiff Adame reasserts the allegations contained in the previous paragraphs as if set forth in full herein.

8. On Friday, October 13, 2017, Jessica Adame ("Jessica") went to Terry Reilly – Melba Dental Clinic complaining of pain in her lower left molars.

9. Dr. Scott Pugh ordered a panoramic radiographic image and noted she had several decayed teeth, including #17 which was broken below the gingiva. The tooth was heavily decayed and causing constant 10/10 pain. Dr. Pugh advised her the tooth needed extraction and offered to do it himself that day, or he could refer her to an oral surgeon. Naturally, being in such extreme pain, Jessica chose to have Dr. Pugh extract the tooth right then.

10. Dr. Pugh did not advise Jessica about the risks or potential complications from this procedure. Under Jessica's "Patient's Problem/Diagnoses List" it is noted that she has diabetes, "DM Type II." Dr. Pugh acknowledged in the chart that he reviewed her problem list. However, Dr. Pugh did not inquire whether her diabetes was under control. Nor did he do anything to determine her glucose or A1C levels prior to performing surgery.

11. Dr. Pugh attempted to extract tooth #17, but was unable to remove the tooth structure broken below the gingiva. He then sectioned the tooth into mesial and distal roots

and extracted the roots.  He curetted the socket and flushed with Peridex.  However, no antibiotics were prescribed.

12. On October 18, 2017, Jessica went to the emergency department at St. Luke's in Nampa complaining of pain in her lower jaw around the extraction site.  At this time, she had no facial swelling and full range of motion of her mandible.  She was prescribed anti-inflammatories and Norco.

13. On Sunday, October 22, 2017, Jessica returned to the emergency department because she could not control the pain.  They gave her a dental block and instructed her to follow up with her dentist.

14. On Tuesday, October 24, 2017, Jessica returned to Terry Reilly – Nampa, 1st Street Clinic and was seen by Dr. Jerry Gomez.  She could not sleep, could not eat, and had some numbness on the tip of her lower lip, with extreme pain on palpation of the left side muscles of mastication up to her temple.  Dr. Gomez could not view the inside of Jessica's mouth because she could not open it.  Dr. Gomez diagnosed her as having post-operative pain with Trismus, or "lock-jaw.".  Dr. Gomez failed to recognize and diagnose Jessica as having a severe post-operative infection.

15. The numbness of her lip, extreme pain upon palpation of the muscles of mastication, and trismus were all clear clinical signs that an infection had progressed into the fascial planes of her face and neck.

16. Dr. Gomez should have immediately referred Jessica to an oral surgeon.  He did not.  Instead, Dr. Gomez prescribed Amoxicillin and Norco, along with daily massage.

17. The very next day, October 25, 2017, Jessica went to the emergency room at West Valley Medical Center in Caldwell, Idaho, and was diagnosed with significant facial

swelling, diabetic ketoacidosis, and sepsis. She went into acute hypoxic respiratory failure requiring an emergent tracheostomy.

18. Adame was life-flighted to University of Utah Hospital and placed into a medically induced coma to treat her for necrotizing fasciitis of the face and neck. Her family was told that she might die. She spent over a month in the hospital. She continued to get treatment for her wounds for seven months and even to this day continues to have difficulties with infections.

19. Terry Reilly failed to enact, disseminate, monitor, and enforce appropriate policies and procedures, and failed to adequately train and supervise its dentists as to the same, specifically, without limitation, as to the need to determine a diabetic patient's glucose and A1C levels before performing any surgical treatment.

20. As a direct and proximate result of the aforementioned violations of the applicable standard of dental practice, Jessica suffered severe, yet preventable, necrotizing fasciitis of the face and neck, underwent a tracheostomy, had part of her mandibular jawbone removed, and suffered permanent disfigurement and scarring.

## COUNT I

### (Dental Negligence/Recklessness)

21. Plaintiff Adame reasserts the allegations contained in the previous paragraphs as if set forth in full herein.

22. The dental care described above on the part of Terry Reilly, Scott Pugh DDS, and Jerry Gomez, DDS, was negligent, reckless, grossly negligent, and failed to meet the applicable standards of care for dentists under the circumstances in Nampa, Idaho as of the time of the care in this case.

23. The dental negligence and reckless misconduct on the part of Terry Reilly was a direct and proximate cause of, and a substantial factor in causing, injury and damages suffered by Plaintiff Adame, including, without limitation, necrotizing fasciitis, sepsis, removal of her mandibular jawbone. As a result of Terry Reilly's negligence and recklessness, Plaintiff Adame is now permanently disfigured. She suffers ongoing pain and depression. Her activities of daily living are compromised and impaired. She has incurred, and will incur, substantial medical bills, therapy bills, home care expenses, and other expenses incurred incident to care and treatment, as well as pain, suffering, permanent disfigurement, mental anguish, and loss of enjoyment of life, past, present, and future.

24. As such, Plaintiff Adame is entitled to an award of money damages for all allowable general and special damages, in an amount to be proven at trial.

## DEMAND FOR ATTORNEY FEES

25. Plaintiff Adame reasserts the allegations contained in the previous paragraphs as if set forth in full herein.

26. As a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff Adame has been required to retain the services of Skaug Law, P.C., to represent her interests in this action and is entitled to reasonable attorney fees and costs pursuant to I.C. § 12-121 and Rule 54 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Jessica Adame, prays for judgment against the Defendant as follows:

1. For a monetary sum to compensate her for all allowable general damages, including, but not limited to, past, present and future physical and mental pain and

suffering, anguish, emotional distress, permanent disfigurement and impairment, and loss of enjoyment of life, all in an amount to be proven at trial;

2.  For a monetary sum to compensate her for her special damages consisting of, but not limited to, all past, present, and future medical and related expenses, physical therapy expenses, rehabilitation expenses, travel expenses, and all other life care and incidental expenses, in an amount unknown to Plaintiff at this time but which sum shall be more readily ascertained at the trial of this matter;

3.  For prejudgment interest;

4.  For Plaintiff's reasonable attorney fees and costs incurred in the prosecution of this action, or $10,000 should this matter proceed by default; and

5.  For such other and further relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Although Plaintiff recognizes that this is an F.T.C.A. case, out of an abundance of caution, pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable, if any.

Dated this 24th day of May, 2021.

>	SKAUG LAW OFFICES, P.C.
>	Attorney for Plaintiff
>
>
>	/s/ Randall Schmitz_____
>	Randall Schmitz